1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11  SCOTT JOHNSON,                     No.  2:14-cv-02008-JAM-CKD

12              Plaintiff,

13       v.                            **ORDER AWARDING FEES AND EXPENSES**

14  J. ISSAC CASTRO; ELVIRA
    CASTRO; JOSE RAMIREZ; and
15  CLAUDIA R. DELGADO-RAMIREZ,

16              Defendants.

17       Plaintiff Scott Johnson sued Defendants Jose Luis Ramirez,

18  Claudia R. Delgado-Ramirez, J. Issac Castro, and Elvira Castro,

19  alleging that Defendants' restaurant in Stockton, California did

20  not comply with the Americans with Disabilities Act ("ADA") and

21  California law.[1]  ECF No. 1.  After prevailing on summary

22  judgment, ECF No. 48, Plaintiff moves for attorneys' fees and

23  litigation expenses.  ECF No. 57.  Defendants filed an untimely

24  opposition brief.  ECF No. 60.  In deciding Plaintiff's motion,

25  the Court will not consider Defendants' brief.

26  _____

27  [1] This motion was determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28  scheduled for December 13, 2016.

                                    1

I.   OPINION

A.   Legal Standard

A prevailing party is entitled to reasonable attorneys'
fees and expenses under the ADA and the Unruh Act.   42 U.S.C. §
12205; Cal. Civ. Code § 52(a).   "[A] plaintiff 'prevails' when
actual relief on the merits of his claim materially alters the
legal relationship between the parties by modifying the
defendant's behavior in a way that directly benefits the
parties."   Farrar v. Hobby, 506 U.S. 103, 111-12 (1992).   To
determine a reasonable fee, courts calculate "the number of
hours reasonably expended on the litigation multiplied by a
reasonable hourly rate."   Hensley v. Eckerhart, 461 U.S. 424,
433 (1983).

B.   Analysis

1.   Hours Reasonably Expended

Plaintiff submitted a billing summary itemizing the hours
expended by seven attorneys: Mark Potter, Russell Handy, Raymond
Ballister Jr., Phyl Grace, Dennis Price, Amanda Lockhart, and
Isabel Masanque.   Billing Summary, ECF No. 57-3, at 1.
Initially, Plaintiff requested $16,260.00 in fees and costs, but
has reduced it to $12,560.00.   Mot. at 1; Request for Modified
Award, ECF No. 59, at 2.

The Court finds Plaintiff's request to be excessive and
unreasonable given that this is relatively simple and
straightforward ADA case involving an area of the law in which
Plaintiff's attorneys have extensive experience.   First, the
Court finds it unreasonable and inefficient to staff seven
attorneys on a case that parallels hundreds of other cases these

1    attorneys have brought on Plaintiff's behalf.  Even counsel

2    acknowledges that the "case presented no significant legal

3    issues of first impression" and "did not present specialized or

4    skillful challenges and was a fairly straight-forward

5    application of the law."  Mot. at 13, 15.  Plaintiff's counsel

6    does not explain why this case required several partners and

7    several associates.  To staff seven lawyers is cumulative and

8    inefficient; one partner and one associate should have sufficed.

9        Second, Plaintiff's attorneys frequently use boilerplate

10   forms to litigate ADA cases.  In fact, this Court just completed

11   reviewing another request by Plaintiff for attorneys' fees in a

12   similar ADA case—the pleadings and briefing there parallel the

13   pleadings and briefing here.  This is not the first time this

14   Court has addressed this issue with Plaintiff's attorneys.  Just

15   4 months ago, this Court concluded that some of Potter's,

16   Lockhart's, and Masanque's billing entries were unreasonable.

17   See Johnson v. Chan, No. 14-cv-1671, 2016 WL 4368104, at *2-3

18   (E.D. Cal. Aug. 15, 2016).

19       The boilerplate nature of the filings in this case suggest

20   that it should have taken Potter little time to draft the

21   complaint, discovery requests, and attorneys' fees motion.  So,

22   the Court reduces Potter's 7/2/2014 entry for drafting the

23   complaint from 0.7 to 0.3 hours, 11/24/2014 entry for drafting

24   discovery from 1.7 to 0.5 hours, and 10/13/2016 entry for

25   drafting the fee motion from 2.0 to 0.5 hours.

26       Having made the above reductions, the Court finds that

27   Potter reasonably expended 12.1 hours and Price reasonably

28   expended 9.6 hours.  The Court declines to award fees for the

unreasonable hours Handy, Ballister, Grace, Lockhart, and
Masanque billed because their work was unnecessarily duplicative
and inefficient.  See Chan, 2016 WL 4368104 at *1.  See also
Davis v. City & Cty. of San Francisco, 976 F.2d 1536, 1543 (9th
Cir. 1992) ("It simply is not reasonable for a lawyer to bill,
at her regular hourly rate, for tasks that a non-attorney
employed by her could perform at a much lower cost.").

2.   Reasonable Hourly Rate

The Court must now multiply the reasonable hours expended
in this litigation by the reasonable hourly rate for each
attorney.  See Chan, 2016 WL 4368104 at *3.  Courts determine
reasonable hourly rates by reviewing the "prevailing market
rates in the relevant community."  See Blum v. Stenson, 465 U.S.
886, 895 (1984).  The party seeking fees must "produce
satisfactory evidence...that the requested rates are in line
with...lawyers of reasonably comparable skill, experience and
reputation."  See id. at 895 n.11.

Plaintiff seeks hourly rates of $350 for Potter and $200
for Price.  Mot. at 4.  Plaintiff's counsel relies on John
O'Connor's expertise on attorneys' fees, ECF No. 57-10, and the
2014 Real Rate Report.  ECF No. 57-11.

The Court is not persuaded that the requested hourly rates
are reasonable.  First, O'Connor's declaration offers no help
because O'Connor does not evaluate disability access cases;
instead, O'Connor's analysis primarily pertains to labor
litigation.  See ECF No. 57-10.  Second, the Real Rate Report
addresses reductions to hourly fees for numerous corporate
practice areas, but not disability access.  See ECF No. 57-11,

4

1     at 29.   The Report does not provide a helpful benchmark for

2     lawyers litigating disability access cases for non-corporate

3     clients.

4         "District judges can...consider the fees awarded by other

5     judges in the same locality in similar cases." Moreno v. City of

6     Sacramento, 534 F.3d 1106, 1115 (9th Cir. 2008).   Recently, this

7     Court and other judges in the Eastern District of California have

8     found the hourly rates of $300 for Potter and $150 for junior

9     associates reasonable for disability access cases in the

10     Sacramento legal community.   See Chan, 2016 WL 4368104 at *3;

11     Johnson v. Gross, No. 14-2242, 2016 WL 3448247, at *3 (E.D. Cal.

12     June 23, 2016); Johnson v. Lin, No. 13-cv-1484, 2016 WL 1267830,

13     at *4 (E.D. Cal. Mar. 31, 2016).

14         Accordingly, the attorneys' fees here are awarded as

15     follows:

16         Potter     12.1     x     $300         =     $3,630.00

17         Price      9.6      x     $150         =     $1,440.00

18                                             $5,070.00

19     The Court also grants Plaintiff's request for $200 in costs.

20                      II.   ORDER

21         For the reasons set forth above, the Court GRANTS

22     Plaintiff's motion for attorneys' fees and expenses.   The Court

23     awards $5,270.00.

24         IT IS SO ORDERED.

25     Dated: December 15, 2016

26

27                                  JOHN A. MENDEZ,
                                   UNITED STATES DISTRICT JUDGE

28